IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY STONECIPHER and
MELISSA STONECIPHER,

    Plaintiffs,

v.                                      No. CV 11-0417 BB/GBW

CARLOS VALLES et al.,

    Defendants.

## ORDER

This matter is before the Court on Plaintiffs' Motion to Extend Time to File Response filed on July 29, 2011. *Doc. 36.* The matter has since been fully briefed and a hearing was held. *Docs. 37, 38, 39, 41.* For the reasons explained at the hearing and below, the Motion will be granted in part and denied in part.

In their Motion, Plaintiffs seek to conduct "limited" discovery before being required to respond to the County Defendants'[1] Motion to Dismiss. *See docs. 34, 35.* Plaintiffs argue that the "limited" discovery they request "is required for Plaintiffs to fully and competently file a Response. *Doc. 36* at 2.

County Defendants' Motion to Dismiss is made pursuant to Fed. R. Civ. P. 12(b)(6). *See docs. 34, 35.* When ruling on such a motion, the court looks only at the well-pleaded

---

[1] Herein, "County Defendants" refers to the Board of County Commissioners of Dona Ana County and Dona Ana County Sheriff's Officers John Does.

allegations in the complaint. *Estate of Ellis v. Ogden City*, 589 F.3d 1099, 1102 (10th Cir. 2009). Consequently, the "court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). Given this standard of review, discovery appears completely unnecessary for the resolution of County Defendants' Motion to Dismiss.

However, one of the arguments in the Motion to Dismiss is based on the allegedly conclusory nature of Plaintiffs' allegations and their failure to identify which Deputy did what. This argument essentially claims that Plaintiffs' Complaint fails to meet the requirement that complaints be sufficient enough to put defendants on notice of the claims against them. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *see also Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008). In order to ensure that Plaintiffs have sufficient information to meet this standard, the Court will permit very limited discovery to occur before Plaintiffs must respond to the Motion to Dismiss. Specifically, the Court will direct County Defendants to answer the seven discrete discovery requests described in County Defendants' Response. *Doc. 37* at 7, n.4.

WHEREFORE, Plaintiffs' Motion will be granted in part and denied in part. County Defendants will provide the responses to the seven discovery requests no later than

September 5, 2011.[2] Plaintiffs' shall file their response to the County Defendants' Motion to Dismiss no later than 14 days after receipt of those discovery responses. County Defendants may file their reply in accordance to the time deadline found in the local rules.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] As a matter of courtesy, County Defendants' counsel also agreed to provide copies of the police reports regarding the May 18, 2010, search which are in his possession.