IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY STONECIPHER, and
MELISSA STONECIPHER,

    Plaintiffs,

v.                                                CIV. 11-417 BB-GBW

CARLOS VALLES, et al.,

    Defendants.

## ORDER

THIS MATTER is before the Court on Defendant Herrera's Motion to Stay Discovery, (*doc. 81*), and the Motion by Individual Federal Defendants to Stay Discovery, (*doc. 82*). The motions are fully briefed and the Court is fully advised. *Docs. 83, 84, 92, 93, 95, 96*. The motions will be granted.

### *Background*

Plaintiffs Anthony and Melissa Stonecipher brought suit in New Mexico state court on January 13, 2011 asserting various entitlements to relief under federal and state law. *See doc. 1* Ex. 1. As basis for that suit, Plaintiffs allege that they suffered various harms to their persons and property as a result of improper execution of a search warrant and improper procedure after arrest by Defendants. *See doc. 1; see also doc. 18.*

On May 13, 2011, Defendants removed the matter to this Court. *See doc. 1.* Subsequently, certain defendants moved to dismiss the complaint based upon, *inter alia*,

qualified immunity. *See docs. 19, 34*. The Court granted the motion in part and denied in part and found that the Federal Defendants' motion failed to show an entitlement to qualified immunity on various grounds. *See generally doc. 55.*

### *Analysis*

"Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 815 (2009). The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001). Because qualified immunity protects against the burdens of discovery as well as trial, the Court has also emphasized that trial courts should resolve the issue before discovery if at all possible. *See Siegert v.Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *accord Jones v. City and Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988). As a consequence, the Tenth Circuit holds that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir.

2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992). Moreover, the qualified immunity defense may be asserted at various stages in the litigation process. *See Robbins v. Wilkie*, 433 F.3d 755, 763 (10th Cir. 2006), *rev'd on other grounds*, 549 U.S. 1075 (2006), (citing *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996)) (noting Supreme Court's holding that qualified immunity may be raised at multiple stages because "different legal factors are relevant at various stages").

Upon review of briefing in this matter, the Court finds that a stay is appropriate. Plaintiffs' most facially compelling argument against that stay centers around the Court's earlier denial of Federal Defendants' Motion to Dismiss based upon qualified immunity. *See doc. 83* at 3-4, *doc. 84* at 3-6. This argument is unpersuasive, however, for two reasons. First, as Defendant Herrera notes, he did not join in that motion and, thus, is not foreclosed from asserting his own immunity now. *Doc. 95* at 1-2. Second, as to all defendants asserting qualified immunity, the Court's analysis of a motion for summary judgment, unlike a motion to dismiss, extends beyond the four-corners of the complaint and thus, denial of the latter does not necessarily foreclose the former. *See Robbins*, 433 F.3d at 762 (noting difference in qualified immunity between motion to dismiss and motion for summary judgment).

Plaintiffs' remaining arguments similarly fail to remove this case from the general rule that, when a defendant files a qualified immunity motion, they are entitled to a stay of discovery. Therefore, the motions will be granted.

### *Conclusion*

The underlying purpose of qualified immunity is to render certain individuals immune from suit – not simply from trial.  Because Defendants have asserted entitlement to qualified immunity and, because any further discovery pending resolution of that defense would impinge that immunity, this matter must be stayed.

Wherefore, IT IS HEREBY ORDERED that Defendant Herrera's Motion to Stay Discovery, (*doc. 81*), and the Motion by Individual Federal Defendants to Stay Discovery, (*doc. 82*), are GRANTED.  All discovery in this matter is hereby STAYED pending the Court's disposition of Defendants' qualified immunity motions.  *See docs. 87, 90.*

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE