IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


ANTHONY and MELISSA STONECIPHER,

       Plaintiffs,

vs.                                                           No. 11-CV-417 JEC/GBW

Special Agents CARLOS VALLES,
JOHN ESTRADA, MATT CRECILIUS,
DAVID TABULLO, MCCARTHY,
KING, JORGENSON, Bureau of Alcohol,
Tobacco, Firearms, and Explosives, Alamogordo
City Police Department Officer LUIS HERRERA,
United States Marshals JOHN DOES,
Dona Ana County Sheriff's Officers JOHN DOES,
DONA ANA COUNTY DETENTION CENTER,
UNITED STATES OF AMERICA,

       Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING LUIS HERRERA'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court on *Defendant Luis Herrera's Motion for Summary Judgment on the Basis of Qualified Immunity and Memorandum in Support Thereof* (Doc. 87) ("Motion"). Having reviewed the pleadings and the governing authority, and being otherwise fully informed, the Court finds that the Motion is well-taken and will be granted.

### I.    Background

This lawsuit arises from the execution of a federal search warrant of the Stoneciphers' premises and subsequent arrest of Anthony Stonecipher. *See* Plaintiffs' Second Amended

Complaint (Doc. 18) at 7-8.[1]  On May 17, 2010, Special Agent Carlos Valles, an employee of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), requested a search warrant based on the belief that Mr. Stonecipher had violated 18 U.S.C. § 922(g)(9), the statute prohibiting any person convicted of a misdemeanor crime of domestic violence from shipping or transporting a firearm in interstate or foreign commerce.  Doc. 23, Ex. 1 (Application for Search Warrant) at 6.  On May 18, 2010, Agent Valles, along with other ATF agents, executed the warrant, searched the residence and "took down" Mr. Stonecipher.  Doc. 18 at ¶ 41.  Officer Luis Herrera, an Alamogordo City police officer, was present but remained outside of the Plaintiffs' residence at the time.  Mot. at 3; Resp. at 7.  On May 25, 2010, the prosecuting United States Attorney advised Magistrate Judge Lourdes A. Martinez that Anthony Stonecipher did not have a conviction for domestic violence,[2] and she dismissed the single charge against him for violating 18 U.S.C. § 922(g)(9).  Doc. 23, Ex. 3 (Clerk's Minutes).

Plaintiffs subsequently filed this action against both state and federal law enforcement, alleging violations of their civil rights, as guaranteed by the Fourth and Fourteenth Amendments, and state-law tort claims.  With few exceptions, the Complaint fails to specify the individual actions of the law enforcement officers, but instead generally directs the separate counts at all defendants.  The alleged violations by Officer Herrera include unlawful seizure and false arrest (Count I), excessive use of force (Count V), state-law tort claims of battery, false imprisonment,

---

[1] The Plaintiffs have amended their complaint twice.  The Second Amended Complaint references the allegations in the First Amended Complaint and adds some factual allegations concerning claims against Dona Ana County and its sheriff's offices.  Doc. 18.  Because the Second Amended Complaint incorporates by reference paragraphs 1-146 of the First Amended Complaint, the Court will cite paragraphs 1-146 of the First Amended Complaint as though they were paragraphs 1-146 of the Second Amended Complaint.

[2] Anthony Stonecipher allegedly informed Agent Valles and other agents at the time of the search that he had a Suspended Imposition of Sentence ("SIS") rather than a conviction of domestic assault.  Doc. 18 at ¶ 52.

and intentional infliction of emotional distress (Count VII), and unreasonable seizure in violation of Plaintiffs' state constitutional rights (Count XI).³ Officer Herrera seeks summary judgment on the claims against him. Mot. at 1.

## II. Undisputed Facts

On May 18, 2010, Officer Herrera drove his police car to the Plaintiffs' residence but stayed outside of the home for the duration of the operation. Mot. at 3, ¶ 3; Resp. at 8, ¶ 3. Officer Herrera was not involved in the investigation of the Plaintiffs, nor did he participate in securing the warrant. Mot. at 3, ¶ 4; Resp. at 8-9, ¶¶ 3-4. Officer Herrera did not enter the Plaintiffs' residence or search any of their property. Mot. at 3, ¶ 5; Resp. at 9, ¶ 5. Officer Herrera also did not transport or book Plaintiffs, nor did he participate in their prosecution. Mot. at 3, ¶¶ 8-9; Resp. at 9, ¶¶ 8-9. Plaintiffs do not know which officer or agent placed his hand or knee on Mr. Stonecipher's back, causing him injury. Doc. 104-1 (Mr. Stonecipher's Affidavit) at ¶¶ 4-5.

## III. Legal Standard

### A. Summary Judgment and Qualified Immunity

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). A "genuine" dispute exists where the evidence is such that a reasonable jury could resolve the issue either way. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248). The court must consider

---

³ Plaintiffs have agreed to dismiss their claims of unreasonable search in Count I, unlawful entry (Count IV), and analogous state claims, against Officer Herrera. Resp. at 10. Plaintiffs have also agreed to dismiss their state-law tort claims of invasion of privacy and unlawful search of property, which the Court finds to include trespass. *Id*. To the extent that Plaintiffs intended their trespass claim to remain against Officer Herrera, the Court finds that it must fail because, as set forth on p. 6-7 of this Order, Officer Herrera reasonably relied on Agent Valles to assess probable cause, thereby justifying his presence on their property.

all the evidence in the light most favorable to the party opposing summary judgment. *See Trask v. Franco*, 446 F.3d 1036, 1043 (10th Cir. 2006). The party opposing the motion may not rest on mere allegations or denials in the pleadings, but must set forth specific facts showing a genuine issue for trial. *Id*. at 248. Both the movant and the party opposing summary judgment are obligated to "cit[e] to *particular parts* of materials in the record" to support their factual positions. FED.R.CIV.P. 56(c)(1)(A) (emphasis added).

Summary judgment motions involving a qualified immunity defense are determined somewhat differently than other summary judgment motions. *See Romero v. Fay*, 45 F.3d 1472, 1475 (10th Cir. 1995). "This difference arises from the unique nature of qualified immunity, which is designed to protect public officials from spending inordinate time and money defending erroneous suits at trial." *Nelson v. McMullen*, 207 F.3d 1202, 1206 (10th Cir. 2000). When a defendant raises qualified immunity on summary judgment, the burden shifts to the plaintiff to meet a strict two-part test. *Id*. First, a plaintiff must come forward with allegations that sufficient to show "that the defendants' actions violated a constitutional or statutory right." *Medina v. Cram,* 252 F.3d 1124, 1128 (10th Cir. 2001) (citation omitted). Then, a plaintiff must "establish that "the right at issue was clearly established at the time of the defendants' alleged unlawful conduct." *Id*. If, and only if, a plaintiff establishes both elements of the test does a defendant then bear the traditional burden of showing "that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law." *Albright v. Rodriguez*, 51 F.3d 1531, 1534-35 (10th Cir. 1995).

### B. Rule 56(d) and Additional Discovery

Rule 56(d) of the Federal Rules of Civil Procedure provides that "[i]f a nonmovant shows by affidavit that, for specified reasons, it cannot present facts essential to justify the opposition"

to a motion for summary judgment, the court may allow time to obtain affidavits or declaration or to take discovery. FED.R.CIV.P. 56(d). In order to invoke the shelter that Rule 56(d) provides, a party must: (1) file an affidavit; (2) identify the probable facts not available, their relevance, and what steps have been taken to obtain those facts; (3) explain why facts precluding summary judgment must be presented; and (4) state with specificity how the desired time would enable the nonmoving party to meet its burden in opposing summary judgment. *Id.*; s*ee also Pasternak v. Lear Petroleum Exploration, Inc*., 790 F.2d 828, 832-33(10th Cir. 1986); *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992) (advocacy by counsel does not suffice for evidence or fact in the Rule 56(d) context). Rule 56 does not require that discovery be completed before a party can file a motion for summary judgment. *Weir v. Anaconda Co.*, 773 F.2d 1073, 1081 (10th Cir. 1992). Further, if a nonmovant fails to file an affidavit under Rule 56(d), "there is no abuse of discretion in granting summary judgment if it is otherwise appropriate." *Pasternak*, 790 F.2d at 832-33.

### III. Analysis

#### A. The Court Will Dismiss the Unlawful Arrest and False Imprisonment Claims

Plaintiffs allege that "Defendants" violated the Fourth Amendment when they detained and subsequently arrested Anthony Stonecipher without probable cause. Doc. 18 at ¶¶ 63-64. Plaintiffs also allege that Officer Herrera falsely imprisoned Mr. Stonecipher. Doc. 18 at ¶ 108. Plaintiffs are unable to identify Officer Herrera's role in Mr. Stonecipher's arrest other than stating, without citing to the record, that he was "outside on the front lawn displaying his badge, and that his handcuffs and police car were utilized." Resp. at 7. Officer Herrera asserts that he is entitled the qualified immunity because he was "acting in an assistant role and at no time searched or seized either Plaintiff." Mot. at 4.

A plaintiff claiming an unlawful arrest under § 1983 must prove that the officer lacked probable cause for the arrest. *Buck v. City of Albuquerque*, 549 F.3d 1269, 1281 (10th Cir. 2008). However, law enforcement officials who mistakenly conclude that probable cause exists are still entitled to qualified immunity if their conclusion is reasonable. *Romero v. Fay*, 45 F.3d at 1476. For this reason, law enforcement officers in an assisting role are often entitled to qualified immunity despite a defective warrant. *See Ramirez v. Butte-Silver Bow County*, 298 F.3d 1022, 1027-28 (9th Cir. 2002). In *Ramirez*, the court denied qualified immunity to the ATF officer who obtained a defective warrant but granted it to the line officers assisting in its execution because they could not have reasonably been expected to know that the warrant was defective. *Id.*; *see also Hardiman v. Ford,* 1994 WL 585409, *4-5 (7th Cir. (Ill.) 1994) (if there are no circumstances that would lead a reasonable officer in the defendant's position to believe that the officer directing the seizure cannot be trusted to assess probable cause, the defendant can rely on the lead officer in good faith and be accorded qualified immunity for any unlawful arrest); *Salmon v. Schwarz*, 948 F.2d 1131, 1140-41 (10th Cir. 1991) (an FBI agent who had no role in preparing the affidavit for an arrest warrant enjoyed qualified immunity with respect to its execution).

Even if Plaintiffs had properly refuted Officer Herrera's affidavit stating that he did not arrest or even touch them,[4] Officer Herrera is nonetheless entitled to qualified immunity because he was merely assisting Agent Valles in the execution of the warrant. Plaintiffs admit that Officer Herrera played no role in procuring the warrant. Plaintiffs do not allege that Officer

---

[4] Plaintiffs state that they don't know the names of the arresting officers, and therefore have difficulty remembering the actions each took, without the ability to conduct and attend depositions. Docs. 104-1(Anthony Stonecipher's Affidavit) at ¶ 7; 104-2 (Melissa Stonecipher's Affidavit) at ¶ 7. They then contradict themselves by stating that "upon best information and belief, City Defendant Luis Herrera used his handcuffs and secured them on [Mr. Stonecipher's] wrists." *Id*. at ¶ 6.

Herrera knew, or should have known, that the warrant was based on faulty information, thereby vitiating probable cause.  Accordingly, the Court finds that Officer Herrera reasonably relied on Agent Valles to assess probable cause, thereby justifying his role in the arrest.  *See Hardiman v. Ford* at *4-5.  Because Officer Herrera did not violate clearly established constitutional rights of which a reasonable person would have known, he is entitled to qualified immunity, and the Court will grant dismissal of the unlawful seizure and arrest claim against him.

Plaintiffs have also alleged a false imprisonment claim.  However, false imprisonment claims require a showing that the defendant knew that he or she had no lawful authority to confine or restrain the plaintiff.  *See* NMSA § 30-4-3 (2012); *Santillo v. N.M. Dep't of Pub. Safety*, 173 P.3d 6, 11 (N.M. App. 2007); *Diaz*, 618 P.2d 372, 376 (N.M. App. 1981) (acting without lawful authority means that "defendants knew as a matter of law that they had no right to act in a manner that was contrary to or forbidden by law when they intentionally confined or restrained the plaintiffs without their consent.").  Because Officer Herrera reasonably relied on Agent Valles to assess probable cause, Plaintiffs cannot demonstrate that Officer Herrera "knew" he had no lawful authority to assist in Mr. Stonecipher's detention. *See Santillo v. N.M. Dep't of Pub. Safety*, 143 N.M. 84, 88, 173 P.3d 6, 11 (Ct. App. 2007); *Ramirez v. Butte-Silver Bow County*, 298 F.3d 1022, 1027-28 (9th Cir. 2002).   Therefore, the Court will also dismiss the false imprisonment claim.

### B.  The Court Will Dismiss the Excessive Force and Battery Claims

Plaintiffs also allege that they have a Fourth Amendment Right to be free from excessive force, and that "Defendants" used excessive force against Mr. Stonecipher when they "took him to the ground outside his home, at gunpoint, with fully automatic weapons," causing injury to his back.  Doc. 18 at ¶ 98.  Officer Herrera asserts that he is entitled to qualified immunity against

this claim, and that he did not arrest or even touch Mr. Stonecipher. Mot. at 5-6. Mr. Stonecipher concedes that he does not know who "took hold of [him] in a forcible way, push[ed] him to the ground or placed a knee or hand on his back," stating only that he knew Officer Herrera was in close proximity." Resp., Ex. 104-1 (Mr. Stonecipher's affidavit) at ¶¶ 4-5. Plaintiffs nonetheless contend that "Defendant Herrera does not enjoy qualified immunity to [the] excessive force claim, having failed to establish that he did not cause the Plaintiff's back injury during the excessively forceful arrest." Resp. at 9.

  Plaintiffs incorrectly attempt to shift their burden of proof. Because Officer Herrera raised the affirmative defense of qualified immunity, Plaintiffs bear the heavy two-part burden of demonstrating that Officer Herrera violated a constitutional or statutory right that was clearly established at the time of the alleged conduct. *Medina v. Cram,* 252 F.3d 1124, 1128 (10th Cir. 2001). Plaintiffs fail to even allege, much less demonstrate, that Officer Herrera violated Mr. Stonecipher's constitutional rights with respect to the force used during his arrest. Indeed, Plaintiffs cannot even identify Officer Herrera's role in the arrest.

  Plaintiffs contend that they "have entered plausible, credible evidence establishing the need to conduct discovery and deny qualified immunity." Resp. at 9. However, because Plaintiffs failed to meet their heavy two-part burden under the qualified immunity test, they cannot shift the burden to Officer Herrera. *See Albright v. Rodriguez*, 51 F.3d 1531, 1534-35 (10th Cir. 1995).

  Assuming, *arguendo,* that Plaintiffs had met their burden, Officer Herrera has already attested that he did not touch Plaintiffs, much less force Mr. Stoncecipher to the ground. Federal Agent Tabullo has also admitted to handcuffing Mr. Stonecipher, and Plaintiffs have admitted that Federal Agents, and not Officer Herrera, placed him in a patrol vehicle. Reply at 5 (citing

Doc. 90 at ¶ 48; Doc. 101 at ¶ 51). To the extent that Plaintiffs' statement could be construed as a request for discovery, Plaintiffs have not filed a proper motion and affidavit under Rule 56(d), explaining why facts precluding summary judgment could not be presented, what steps have been taken to obtain these facts, and how a specific amount of time would enable them to meet their burden in opposing summary judgment. *See Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d at 832-33. Despite Plaintiffs' prior acknowledgement that a Rule 56(d) affidavit would be required under these very circumstances in order to demonstrate precisely how discovery would lead to a genuine issue of material fact, they have failed to do so. Doc. 83 at 6. Plaintiffs have also failed to explain how additional time would enable them to rebut Officer Herrera's attestation. Accordingly, counsel's bald assertion that Plaintiffs need more discovery falls far short of Rule 56(d)'s requirements. *See Comm. for the First Amendment v. Campbell*, 962 F.2d 1517 at 1522 (a counsel's unverified assertion that more discovery is needed in summary judgment response does not comply with Rule 56(f), [now Rule 56(d)] and results in a waiver); *Hood v. Upah*, 2012 WL 2906300, * 16-17 (N.D. Iowa 2012) (court granted summary judgment on excessive force claim despite the plaintiff's request for additional discovery because no 56(d) motion was filed, and the request constituted a fishing expedition).

Because Plaintiffs fail to properly allege, let alone meet, their burden of demonstrating that Officer Herrera violated Mr. Stonecipher's constitutional rights with respect to the force used during his arrest, the Court will dismiss the excessive force claim against him. Because the Plaintiffs' state-tort law claim of battery also requires a showing that the defendant engaged in an "unlawful, intentional touching or application of force," the Court will also dismiss the battery claim against Officer Herrera for the same reason. N.M.S.A. § 30-3-4.

### C. The Court Will Dismiss the Violation of State Constitutional Rights Claims

The Plaintiffs assert that "all Defendants" violated their New Mexico State Constitutional rights to be free from unreasonable searches as seizures, have adequate pre-deprivation procedural and substantive due process, and peacefully keep and bear arms. Doc. 5 at ¶¶ 142-146. Officer Herrera responds that he was merely the uniformed presence at the scene and did not acquire the warrant, search or seize Plaintiffs, their home or personal effects, or otherwise interfere with their right to bear arms. Resp. at 7. Indeed, Plaintiffs do not dispute that Officer Herrera remained outside of their home and did not touch their property. For this reason, and because Officer Herrera reasonably relied on Agent Valles to assess probable cause, Plaintiffs fail to demonstrate that Officer Herrera violated their state constitutional rights. The Court will dismiss these claims against Officer Herrera.

### D. The Court Will Dismiss the Intentional Infliction of Emotional Distress Claim

Plaintiffs' claim for intentional infliction of emotional distress against Officer Herrera must also fail. As Officer Herrera correctly notes, law enforcement officers are statutorily immune from liability for any tort unless the legislature has waived immunity in the New Mexico Torts Claim Act ("NMTCA"), which is the "exclusive remedy" for all tort claims for governmental entities and their employees. N.M.S.A. § § 41-4-1; 41-4-17. The Supreme Court of New Mexico has held that the legislature has not waived immunity for claims of intentional infliction of emotional distress. *See Garcia–Montoya v. State Treasurer's Office*, 16 P.3d 1084, 1102 (2001)(upholding dismissal of intentional infliction of emotional distress claim, because immunity is not waived under NMTCA). Therefore, the Court will dismiss the claim against Officer Herrera.

## IV. <u>Conclusion</u>

Officer Herrera reasonably relied on Agent Valles to assess probable cause, and the Court will dismiss the unlawful arrest, false imprisonment, and state constitutional claims against Officer Herrera. Because Plaintiffs fail to properly allege, let alone demonstrate, that Officer Herrera used excessive force or even touched Mr. Stonecipher unlawfully, the Court will also dismiss the excessive force and battery claims against him. Lastly, the Court will dismiss the intentional infliction of emotional distress claim because the legislature has not waived immunity for this tort under the NMTCA.

WHEREFORE,

**IT IS ORDERED** that *Defendant Luis Herrera's Motion for Summary Judgment on the Basis of Qualified Immunity and Memorandum in Support Thereof* (Doc. 87) is **GRANTED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE